# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYDALE HENDERSON, | |
| Plaintiff, | Case No. 18-CV-137-JPS |
| v. | |
| ROADRUNNER TRANSPORTATION SYSTEMS, INC., | **ORDER** |
| Defendant. | |

On August 23, 2018, the parties filed a joint motion for entry of a protective order. (Docket #16). The parties request that the Court enter a protective order so that they may avoid the public disclosure of confidential information and documents. *Id.* Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g., Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1)     that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2)     that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945). The parties have requested the protective order in this case in good faith; they seek the order so that they might freely exchange sensitive information including, for example, confidential personal, business, and financial information. (Docket #1 and #16 at 1). The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that two slight changes are necessary to maintain compliance with the above-cited precedent. First, the proposed order requires sealing, in whole or in part, of all confidential documents. This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r, L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small

amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph 7. Second, consistent with the Court's and this district's standard practice, the Court will allow members of the public to challenge the confidentiality of documents filed in this case. The Court has modified slightly the parties' proposed language to make this clear. *See supra* Paragraph 10.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

Based on the parties' motion, (Docket #16), and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

1. The following definitions shall apply to this Protective Order:

   a. The term "Confidential Information" means any document, writing, tangible thing of any type that contains

information that is (a) not generally known by or available to members of the public and contains proprietary business, commercial, or financial information, such as trade secrets, business plans, customer information, pricing and profit information, personnel information/records or similar information; or (b) protected by the right to privacy under any state or federal constitutional provisions, or any similar statute, rule, or regulation. Confidential Information may include documents or things produced in this action (during formal discovery or otherwise), information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings or at trial. Information originally designated as "Confidential Information" shall not retain that status after any ruling by the Court denying such status to it.

b.     "Material" or "Document" means any document (using the definition of "document" that is found in Fed. R. Civ. P. 34(a)), testimony or information produced by a Disclosing Party pursuant to discovery in this action, including, but not necessarily limited to, written interrogatory answers, responses to requests for admissions, responses to requests for production of documents, affidavits, declarations, certificates and other filings, as well as briefs, memoranda of law, summaries, exhibits, transcripts, video recordings, tape recordings, electronic recordings, excerpts, employment records, personnel files or payroll records and notes prepared for, derived from, referring to or incorporating information contained in any such document, testimony or information.

c. The term "designating party" means the party producing and/or designating information as Confidential Information under this Protective Order.

d. The term "receiving party" shall mean the party to whom Confidential Information is produced.

2. Each designating party who produces or discloses any Material that it in good faith believes constitutes Confidential Information shall designate it as such. In designating Confidential Information, the designating party shall mark the item or each page of a document "Confidential."

a. When Documents or things are produced for inspection, they may be collectively designated as "Confidential" for purposes of the inspection, by letter or otherwise, without marking each document or thing "Confidential". Once specific Documents have been selected for copying, any Documents containing confidential information may then be marked "Confidential" after copying but before delivery to the party who inspected and selected the Documents. There will be no waiver of confidentiality by the inspection of confidential Documents before they are copied and marked "Confidential" pursuant to this procedure.

b. Portions of depositions may be designated "Confidential" if they are designated as such at the time the deposition is taken or within twenty (20) days after the deposition transcript is received by the designating party or its counsel.

3. Except for testimony, documents and things disclosed in open court, in the event any designating party produces Confidential Information that has not been correctly designated, the designating party

may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information. Upon notice by the designating party, the parties shall treat such information in accordance with this Protective Order, until such time as the Court rules on any objection to the redesignation, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation.

4. Information designated "Confidential" may be disclosed only to the following:

a. The attorneys and staff of any law firm acting as outside counsel for a party to this action, and those persons specifically engaged for the limited purpose of making photocopies of documents;

b. Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation;

c. Employees of either party who provide actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance;

d. The Court and Court personnel, and official court reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing;

e. Any person or individual who is expected to testify as a witness either at a deposition or court proceeding in this action,

provided however that such disclosure may only occur as reasonably necessary for the purpose of assisting the preparation or examination of the witness;

      f.     Any person designated as a mediator.

The list of persons to whom Confidential Information may be disclosed identified in this Paragraph may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Protective Order.

      5.     All information designated "Confidential" shall be used by its recipient solely for the purposes of this litigation and not for any business, competitive, to disparage or any other purpose.

      6.     If Confidential Information is contained in trial testimony, the portion of the transcript containing such material may be designated as containing Confidential Information, and the designating Party may move the Court to keep that portion of the transcript under seal.

      7.     All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

      8.     The parties recognize that during the course of this litigation, Confidential Information that originated with or is maintained by a non-party may be produced. Such information may be designated as "Confidential" and shall be subject to the restrictions contained in this

Protective Order. If any Confidential Information is produced by a non-party to this litigation, such non-party shall be considered a "designating party" within the meaning of that term as it is used in this Protective Order and the parties will each be treated as a "receiving party." To the extent any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Order and identify the non-party's right to invoke the protections of this Order.

9.     A party is obligated to challenge the propriety of a confidentiality designation at the time the designation is made.

10.     Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice of such objection to the designating party or counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of the parties, the party challenging the "Confidential" designation may file an appropriate motion with the Court after conferring in good faith. Such a motion may be made with notice to all parties, including the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Until the parties or the Court resolves a challenge to the designation of Confidential Information, the original designation shall remain in full force and effect.

Additionally, any non-party, including an interested member of the public, may file a motion challenging a confidential designation made by any party or non-party.

11.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose.

12.     Receiving parties shall keep all Confidential Information received from others in a secure area to prevent disclosure of Confidential Information to persons not authorized under this Protective Order.

13.     This Protective Order shall remain in full force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties to this action.  This Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed.

14.     Upon final termination of this action (including all appeals), the designating party may demand that the receiving party return to the designating party or at the receiving party's option, destroy all Confidential Information received from the designating party within thirty (30) days of the demand.

15.     If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, the receiving party must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent disclosure by each unauthorized person who received such information.

16.     Pursuant to Federal Rule of Evidence Rule 502, inadvertent production of any Document subject to this Protective Order will not constitute a waiver of any applicable privilege or protection.

a.     The party producing Material may assert any privilege or work-product designation any time after the Material that party asserts is privileged or work-product protected is produced.

17.     Notwithstanding any contrary provision in this Order, a party is permitted to disclose Confidential Information to the extent required by a valid subpoena or other valid legal process provided, however, that the party provides the designating party with advance written notice of such subpoena or other legal process, via email, facsimile or hand delivery, at least twenty (20) business days before disclosure, in order to afford the designating party an opportunity to object to the disclosure.

18.     Nothing in this Protective Order shall constitute a waiver of the right to object on any ground to requests for discovery, nor shall the consent of the parties to the terms of this Protective Order be deemed an admission or acknowledgment with respect to the relevance, competence, or admissibility into evidence of any information or document.

19.     Nothing in this Protective Order shall prevent any party or non-party from seeking additional relief from the Court.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge